■ In the Matter of the Claim of PHILIP RUSSO et al., Respondents, v. ART STEEL COMPANY, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— AULISI, J. Appeal from a decision of the Workmen's Compensation Board which found claimant the legal widow of decedent and affirmed the Referee's award. Philip Russo, the deceased employee, married claimant, Theresa Carucci Russo, in a ceremony performed on February 9, 1935, in the City of New York. He had been previously married and procured a divorce from his first wife in Massachusetts, the interlocutory decree being entered on October 4, 1934. The Massachusetts interlocutory decree did not become final until April 5, 1935. Claimant was unaware of her husband's prior marriage until a couple of months after their marriage. Immediately after the marriage the couple spent about two months living in Massachusetts. They returned to New York before the divorce decree became final and lived together as husband and wife for 26 years with three children being born of the marriage. Appellants contend that the marriage was void ab initio under either New York or Massachusetts law and that decedent could not remarry for two years as he was the party from whom the divorce was obtained (Mass. Gen. Laws, ch. 208, § 24). The question presented on appeal is whether a marriage performed in New York at a time when one of the parties cannot enter into a valid marriage contract under the laws of the Commonwealth of Massachusetts can be validated by section 6 of chapter 207 of the Massachusetts General Laws, when the parties live together as husband and wife in good faith after the impediment has been removed. The afore-mentioned section 6 reads as follows: "If a person, during the lifetime of a husband or wife with whom the marriage is in force, enters into a subsequent marriage contract with due legal ceremony and the parties thereto live together thereafter as husband and wife, and such subsequent marriage contract was entered into by one of the parties in good faith, in the full belief that the former husband or wife was dead, that the former marriage had been annulled by a divorce, or without knowledge of such former marriage, they shall, after the impediment to their marriage has been removed by the death or divorce of the other party to the former marriage, if they continue to live together as husband and wife in good faith on the part of one of them, be held to have been legally married from and after the removal of such impediment, and the issue of such subsequent marriage shall be considered as the legitimate issue of both parents." We believe that we should give full recognition to the above-quoted section in relation to the foreign divorce decree being construed. We feel that the Massachusetts statute has extraterritorial effect and can be applied to parties who are married and

live outside of Massachusetts. Such recognition is consistent with giving full faith and credit to the interlocutory nature of the foreign decree. (See *Arcand* v. *Flemming,* 185 F. Supp. 22.) The Massachusetts statute is remedial in nature and should be applied for its intended purpose of protecting persons who marry innocently in good faith and to avoid the stigma of illegitimacy for innocent children when one parent is blameless of any conscious violation of the marriage laws (*Arcand* v. *Flemming, supra,* and cases cited). The good faith of the claimant in the instant case is not challenged. On April 5, 1935, the interlocutory decree became final removing the impediment to the marriage of claimant and decedent and said marriage was validated by the remedial statute. The cases relied upon by appellants do not control in the view we take of the case. The argument that decedent was the party from whom the divorce was obtained has no basis in the record. Decision affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Herlihy, Reynolds and Hamm, JJ., concur.